IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | § § § § | No. 287, 2023 |
| | § | Court Below–Superior Court |
| Plaintiff Below, | § | of the State of Delaware |
| Appellant, | § | |
| | § | C.A. No. N22C-08-488 |
| v. | § | |
| | § | |
| FEDEX CORP. and FEDEX GROUND PACKAGE SYSTEM, INC., | § § § | |
| | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: August 17, 2023
Decided: September 8, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and their exhibits, it appears to the Court that:

(1)    This appeal concerns a dispute between FedEx Ground Package System, Inc. ("FedEx Ground") and its excess insurers regarding insurance coverage for pre- and post-judgment interest incurred in connection with a $157-million jury verdict and judgment entered in a New Mexico personal-injury lawsuit (the "New Mexico Verdict").  On August 30, 2022, one of FedEx Ground's excess insurers, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), filed

suit in the Delaware Superior Court (the "Delaware Action") against FedEx Ground and FedEx Corp. (together, "FedEx") seeking a declaratory judgment that National Union has no obligation to pay post-judgment interest on the New Mexico Verdict. On September 6, 2022, FedEx Ground filed a separate action in the Pennsylvania Court of Common Pleas (the "Pennsylvania Action") alleging breach of contract and other claims against National Union and two of FedEx Ground's other excess insurers, Great American Insurance Company of New York ("GAIC") and Liberty Mutual Insurance Europe Limited ("Liberty Mutual"). Shortly thereafter, FedEx filed a motion to dismiss or stay the Delaware Action. National Union then filed an amended complaint, adding GAIC and Liberty Mutual as co-defendants in the Delaware Action.

(2)     In the Pennsylvania Action, all three insurers filed preliminary objections, arguing, among other things, that the Pennsylvania Action should be dismissed or stayed in deference to the Delaware Action. In the Delaware Action, FedEx moved to dismiss or stay the proceedings on the grounds of comity or *forum non conveniens* in light of the pending and larger-in-scope Pennsylvania Action. On February 8, 2023, the Pennsylvania court denied the insurers' preliminary objections and declined to stay the Pennsylvania Action.[1]

---

[1] On May 25, 2023, the Pennsylvania court denied the insurers' motion for reconsideration of its ruling.

(3)     On July 18, 2023, the Superior Court denied FedEx's motion to dismiss the Delaware Action but granted its request to stay the Delaware Action, deferring to the Pennsylvania Action in the interests of comity and judicial efficiency (the "Opinion").[2] Observing that the Pennsylvania court had decided—over the insurers' objections—that the Pennsylvania Action should proceed, the Superior Court concluded that a stay would conserve judicial resources as well as avoid confusion, inconsistent rulings, and duplicative litigation costs.[3]  National Union asked the Superior Court to certify an interlocutory appeal of the Opinion under Supreme Court Rule 42.  FedEx opposed the application.

(4)     On August 16, 2023, the Superior Court denied National Union's application.[4]  As a preliminary matter, the Superior Court disagreed with National Union's claim that the Opinion decided a substantial issue of material importance— a threshold consideration under Rule 42[5]—because it did not relate to the merits of the case.  Nevertheless, the Superior Court analyzed the Rule 42(b)(iii) factors cited by National Union—specifically, Factors A (the Opinion decided an issue of first impression in the State), B (the Opinion conflicts with other trial court decisions), and H (interlocutory review of the Opinion would serve the considerations of

---

[2] *Nat'l Union Fire Ins. Co. v. FedEx Corp.*, 2023 WL 4623626 (Del. Super. Ct. July 18, 2023) ("*FedEx I*").
[3] *Id.* at *8.
[4] *Nat'l Union Fire Ins. Co. v. FedEx Corp.*, 2023 WL 5310443 (Del. Super. Ct. Aug. 16, 2023) ("*FedEx II*").
[5] Del. Supr. Ct. R. 42(b)(i).

justice)—and concluded that none of them supported the certification of an interlocutory appeal.

(5) First, the Superior Court found that National Union's application for certification mischaracterized the Opinion because the court granted FedEx's request for a stay "solely on the grounds of comity,"[6] but National Union's application cited the court's *forum non conveniens* analysis. As it had in the Opinion, the court emphasized that it had offered its forum *non conveniens* analysis only as supplemental commentary in the event that "some issue arises in the Pennsylvania Action warranting lifting the stay in the [Delaware A]ction."[7] That is, the decision to stay the Delaware Action was based on comity and judicial-efficiency principles and did not involve a novel application of the *forum non conveniens* doctrine. Second, the Superior Court found that the Opinion does not conflict with the other trial court decisions cited by National Union because they relate to the application or misapplication of the doctrine of *forum non conveniens*. Finally, the Superior Court found that considerations of justice would not be served by interlocutory review because, among other things, National Union would not suffer any irreversible prejudice if it were forced to litigate the insurance-coverage dispute in Pennsylvania as opposed to Delaware. Mindful of Rule 42's directive that a trial

---

[6] *FedEx II* at *3.
[7] *Id.*

4

court should refuse to certify an interlocutory appeal if it finds the balance of the Rule 42(b)(iii) factors to be uncertain,[8] the Superior Court denied the application.

(6)    We agree with the Superior Court that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of the Court.[9]  Exercising our discretion and giving due weight to the Superior Court's analysis, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  Exceptional circumstances that would merit interlocutory review of the Opinion do not exist,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[8] Del. Supr. Ct. R. 42(b)(iii).
[9] Del. Supr. Ct. R. 42(d)(v).
[10] Del. Supr. Ct. R. 42(b)(ii).
[11] Del. Supr. Ct. R. 42(b)(iii).